IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| DEBORAH A. MARKS and SAVANAH M. CHESTER, | ) ) ) | |
|---|---|---|
| Plaintiffs, | ) ) ) | Civil Action No. 16-1671 |
| v. | ) ) | |
| UTICA FIRST INSURANCE COMPANY, | ) ) | |
| Defendant. | ) | |

## ORDER OF COURT

AND NOW, this 30th day of January, 2017, upon consideration of Defendant Utica First Insurance Company's Motion to Dismiss, (Docket No. [3]), Plaintiffs Deborah Marks and Savanah Chester's opposition thereto, (Docket No. [9]), and Defendant's Reply, (Docket No. [18]), as well as Plaintiffs' Motion to Remand, (Docket No. [6]), and Defendant's opposition thereto, (Docket No. [14]),

IT IS HEREBY ORDERED that Plaintiffs Motion to Remand [6] is DENIED;

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss [3] is DENIED, without prejudice, to raising its affirmative defenses to Plaintiffs' declaratory judgment and bad faith claims after the close of discovery via summary judgment proceedings and/or at trial; and,

IT IS FURTHER ORDERED that Defendant shall file its Answer by **February 13, 2017**.

In so holding, the Court notes initially that it is not persuaded that this action is one where it is appropriate to decline to exercise jurisdiction under the Declaratory Judgment Act after considering the relevant factors outlined in *Reifer v. Westport Insurance Corporation*, 751 F.3d 129, 146 (3rd Cir. 2014). Pertinent here, the Court's review of the pleadings in the light most

1

favorable to Plaintiffs demonstrates that the parties (and assignors) are completely diverse and that the claim of bad faith insurance practices seeks damages well in excess of the jurisdictional amount of $75,000.00 against Defendant, a claim over which this Court has subject matter jurisdiction. *See* 28 U.S.C. § 1332(a). The bad faith claim for damages is also broader in scope than the coverage disputes set forth in the corresponding declaratory judgment claim such that it could have been brought independently. *See, e.g., Rohm and Haas Co. v. Utica Mutual Ins. Co.*, Civ. A. No. 07-584, 2008 WL 2517176, at *2 (E.D. Pa. Jun. 23, 2008) (citing cases). To this end, Plaintiffs allege that Defendant engaged in bad faith insurance practices by, among other things, sending its insured a disclaimer letter prospectively denying a duty to defend any lawsuit arising from the underlying incident, five months before any lawsuit was filed; allegedly conducting a cursory investigation into the claims against the insured; refusing to reevaluate its coverage position after the lawsuit was filed and providing no indication in the denial letter that the underlying complaint was considered; and failing to respond to a subsequent request by the insured to provide a defense in light of additional information that was obtained as the trial date approached on the underlying matter. (Docket No. 1-1). Further, the underlying claim is now concluded, with an arbitrator awarding damages in favor of Plaintiffs and against Defendant's insured, undermining Plaintiffs' position that there is an inherent conflict of interest between the insurance company's duty to defend in state court and the coverage position taken in this declaratory judgment action invoking the exclusions under the policy. *See Reifer*, 751 F.3d at 146. Of the remaining factors, only convenience of the parties slightly favors Plaintiffs[1] such that

---

[1] In this regard, Plaintiffs reside in Mercer County which is also where the accident forming the underlying factual basis for this lawsuit took place. (Docket No. 1-1). However, Plaintiffs initiated this case in the Court of Common Pleas of Beaver County, a location near to the office of their counsel but one that is not controlling for purposes of this evaluation. *See e.g., Northgate Processing, Inc. v. Spirongo Slag McDonald, L.L.C.*, Civ. A. No.

a fair balancing of all of these considerations does not counsel the Court to decline to exercise jurisdiction over this matter. *Id.* Thus, Plaintiffs' Motion to Remand is denied.

With respect to Defendant's Motion to Dismiss, as the Court has indicated above, after reviewing the allegations in Plaintiffs' Complaint in the light most favorable to them and resolving all inferences in their favor, the Court finds that they have stated a plausible claim alleging bad faith insurance practices against Defendant. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Court also believes that Plaintiffs have set forth sufficient factual allegations for their declaratory judgment action to move the claim beyond the pleadings and into discovery. *Id.* This Court is well familiar with the legal principles at issue in construing and interpreting insurance contacts and evaluating the insurer's duty to defend and indemnify its insured in light of the relevant policy language and the factual circumstances underpinning the claim. *See, e.g., Ramara, Inc. v. Westfield Ins. Co.*, 814 F.3d 660 (3d Cir. 2016).

While Defendant relies on the "four corners" or "eight corners" rule in an effort to convince the Court that it is restricted to reviewing the underlying complaint and the policy language in deciding whether it breached its duty to defend, such rule is not applied if the policy language is broad enough to trigger the duty to defend prior to the filing of the complaint, as may be the case here.[2] *See Post v. St. Paul Travelers Ins. Co.*, 691 F.3d 500, 518 (3d Cir. 2012) (citing

---

15-1116, 2015 WL 7308675, at *4, n.3. (W.D. Pa. Nov. 19, 2015) (the location of the office of a party's lawyers is not controlling). It is true that Plaintiffs reside closer to Beaver County than downtown Pittsburgh but given the considerable distance from their home to the Beaver County courthouse, this factor only slightly favors their position.

[2] Here, the insurance policy states that:
> "We" have the right and duty to defend a suit seeking damages which may be covered under the Commercial Liability Coverage. "We" may make investigations and settle claims or suits "we" decide are appropriate.
> Suit includes any alternative dispute resolution proceeding involving "bodily injury", "property damage", "personal injury", or "advertising injury" to which:
> (a) "you" must submit; or b. "you" submit with "our" consent.

(*See* Docket No. 1-1, Page 12 of 42). The January 5, 2015 disclaimer letter was sent to the insured but is also copied to Allstate Insurance Company; Plaintiff's counsel and her clients; Nathan Butwin Co. Inc.; and Ceremuga Insurance

*Heffernan & Co. v. Hartford Ins. Co. of Am.*, 418 Pa. Super. Ct. 326, 614 A.2d 295, 298 (1992)) (holding that "[b]ecause the Policy differentiates a 'claim' from a 'suit,' and because it defines a 'claim' as simply 'a demand that seeks damages,' Travelers' duty to defend could be triggered by something short of, and prior to, the filing of a complaint."). In this instance, the disclaimer letter sent by Defendant to its insured is dated January 5, 2015 but the underlying complaint was filed by Plaintiffs against the insured five months later in May of 2015 and such disclaimer letter contains no summary or exposition of the facts upon which the initial decisions disavowing any duty to defend and denying coverage for any claim were based. (*See* Docket No. 1-1 at 131-138 ("We will not defend any legal action against our insured or any other party; we will not indemnify our insured or any other party for any judgment awarded; and we will not make any payment on our insured or any other party's behalf in connection with damages out of this event.")). Further, Utica's follow-up letter of December 7, 2015 is perfunctory, providing no indication that the underlying complaint was evaluated prior to issuing same and Utica failed to even respond to the letter sent by its insured's counsel dated February 4, 2016, (*see* Docket No. 1-1 at 142-43), based on the record before the Court.

The timing of events and language of the disclaimer letter and other correspondence, coupled with the relevant legal principles that the duty to defend is broader in scope than the duty to indemnify, that the allegations of the underlying claim must be construed in favor of providing coverage for the insured and that ambiguous policy exclusions are construed against the insurance company as drafter, persuade the Court discovery may reveal additional facts to support a declaratory judgment claim such that further development of the record is necessary here. *See*

---

Services. (Docket No. 1-1 at 138). Therefore, it is plausible that some type of "alternative dispute resolution proceeding" involving these entities and individuals was contemplated, possibly triggering a pre-complaint duty to defend.

*Post*, 691 F.3d at 518. Indeed, actions of this type are often decided at the summary judgment stage rather on a motion to dismiss or motion for judgment on the pleadings. *Id.* Accordingly, Defendant's Motion to Dismiss is DENIED, without prejudice to Defendant bringing forth its defenses at the summary judgment stage and/or if necessary, at trial.

An appropriate Order scheduling an initial case management conference will be separately issued.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record